IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL DOCKET NO.: 5:01CV100-V

| | |
|---|---|
| ABT BUILDING PRODUCTS CORP. and ABTco, INC., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA. | ) ) ) ) ) |
| Defendant. | ) ) |

**ORDER**

**THIS MATTER** is before the Court on Plaintiff's motion for attorneys fees, pursuant to this Court's Amended Judgment entered on September 30, 2004 (Dkt. No. 204) and the provisions of N.C. Gen. Stat. § 75-16.1.

## I. INTRODUCTION

Where "the party charged with the violation has willfully engaged in the act or practice, and there was an unwarranted refusal by such party to fully resolve the matter which constitutes the basis of the suit," the "presiding judge may, in his discretion, allow a reasonable attorney fee" to the prevailing party. N.C.G.S. § 75-16.1; United Laboratories, Inc. v. Kuykendall, 335 N.C. 183, 190, 437 S.E.2d 374, 379 (N.C. 1993). To determine whether a fee request is reasonable, the Court must make explicit findings as to the time and labor expended, the skill required, the customary fee for like work, the experience or ability of the attorney, the novelty and difficulty of the questions of law, the adequacy of the representation, the difficulty of the problems faced by the attorney, the kind of

case for which the fees are sought, and the results obtained. United Laboratories, 335 N.C. at 195, 437 S.E.2d at 381-82; see also West v. Tilley, 120 N.C. App. 145, 151, 461 S.E.2d 1, 4 (N.C. App. 1995). N.C.G.S.§ 75-16.1 includes fees for services rendered at all stages of litigation, including for services rendered after entry of judgment. Gray v. North Carolina Insur. Underwriting Assoc., 352 N.C. 61, 76, 529 S.E.2d 676, 686 (N.C. 2000). The Court also may consider in its discretion and make findings on "the services expended by paralegals and secretaries acting as paralegals if, in [the court's opinion], it is reasonable to do so." United Laboratories, 335 N.C. at 195, 437 S.E.2d at 382.

In the Amended Judgment, the Court concluded as a matter of law that the actions of Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") were in or affecting commerce and were unfair and deceptive trade practices in violation of N.C. Gen. Stat. § 75-16. The Court further concluded that National Union willfully engaged in unfair or deceptive acts or practices and that there was an unwarranted refusal by National Union to fully resolve the matter constituting the basis of the suit. The costs of the action were taxed against National Union, and the costs so taxed included Plaintiff's reasonable attorneys' fees. See Amended Judgment at 6. Plaintiff filed its application and now seek attorneys' fees in the amount of $1,997,161.00. Plaintiffs were represented by two law firms: Dickstein Shapiro Morin & Oshinsky LLP ("Dickstein Shapiro"), through lawyers in its offices in New York City and Washington, DC, and Kilpatrick Stockton LLP ("Kilpatrick Stockton"), through lawyers in its Winston-Salem office.

## II. REASONABLENESS OF ABT'S FEE REQUEST

Having determined that ABT is entitled to attorneys' fees, the Court must next consider whether its fee request of $1,997,161.00 is reasonable. The Court has reviewed the affidavits of Susan Boyles, Robin Cohen, and Robert Wicker (Plaintiff's expert), the affidavit of Benjamin

Nicholson (Defendant's expert), the memoranda submitted by the parties, and also relies on the Court's knowledge of the prosecution of this case through the jury trial and to the present, and hereby makes the following findings:

(1) *Time and Labor Expended*. This case involved numerous complex issues in a hotly contested insurance coverage dispute. The parties understandably devoted many hours preparing pleadings, drafting, responding to and reviewing discovery, taking numerous depositions, and drafting various non-dispositive motions, none of which were resolved without court order. The parties also filed cross motions for summary judgment and numerous motions *in limine* prior to trial. The case was tried to a jury for nearly two weeks. Not surprisingly, both sides incurred high legal fees as a direct result of the significant hours and energy devoted to this case. Plaintiff ABT bore the burden of proof on all issues at trial so its fees were understandably higher.

(2) *Ability of Plaintiff's Counsel*. This case arose from a multi-million dollar insurance coverage dispute, which stemmed from a class action settlement. It involved complicated legal issues such as the statutory duty to defend, exhaustion and violations of North Carolina Unfair Trade Practices Act. These issues are complicated ones for even the most seasoned trial lawyers.

The Court finds that both sides were represented by skilled and competent counsel. Because this order involves the reasonableness of *ABT's* fees, the Court specifically finds that Plaintiff's attorneys were imminently capable and that counsel ably and vigorously prosecuted their case. ABT used more experienced lawyers appropriately and judiciously, and lesser experienced attorneys and non-lawyers were used at their appropriate skill level.

(3) *Customary Fee for Like Work*. National Union does not contest the fee charged by Kilpatrick Stockton, but National Union vigorously contests the hourly rates charged by the

Dickstein Shapiro attorneys. National Union requests that the Court reduce their hourly rates to comparable North Carolina rates. The Dickstein Shapiro lawyers representing ABT, however, do not reside in North Carolina and therefore their market rates are quite different than most North Carolina attorneys.

There is no steadfast rule requiring a court to assess fees at the rates charged where the case was prosecuted. Rather, the community where the case was prosecuted is merely a starting point for selecting the proper rate. National Wildlife Federation v. Hanson, 859 F.2d 313, 317 (4th Cir. 1988) (internal quotations omitted). The complexity and specialized nature of a case may require retaining a non-local attorney with the necessary skills to prosecute the case. Id. (internal quotations omitted). Where a client has retained a non-local attorney and that attorney's rates are significantly higher than that of a local attorney, the court must ask (1) whether services of like quality are truly available in the locality where the services are rendered; and (2) whether the party choosing the attorney from elsewhere acted reasonably in making that choice. Id.

In the instant case, Kilpatrick Stockton served as local counsel and certainly was qualified to represent a policyholder in a complex insurance coverage dispute. Dickstein Shapiro, however, brought several key advantages to the representation that Kilpatrick Stockton could not have replicated. Dickstein Shapiro had previously represented ABT (and its parent) throughout years of negotiations with and litigation against other insurance companies involved with the hardboard siding class action and other lawsuits brought throughout the country. Kilpatrick Stockton lawyers did not have Dickstein Shapiro's institutional and intimate knowledge of the client, the hardboard siding class action, or what had transpired during the negotiations with the insurance carriers that led to the filing of the instant lawsuit. As ABT points out, it would have required a significant

amount of time and effort to bring North Carolina counsel up to speed on the particular facts and complex history of this case. ABT reasonably chose to maximize the knowledge and experience that its national counsel brought to the representation. Thus, the Court finds that ABT's decision to retain Dickstein Shapiro as its primary counsel throughout the case was reasonable.

Furthermore, the reasonableness of Dickstein Shapiro's hourly rates is evidenced by the fact that ABT willingly paid these fees for several years. If Dickstein Shapiro's fees were unreasonably high, presumably ABT would have found other counsel or relied solely on local counsel with significantly lower rates. ABT, however, chose to remain with national counsel throughout the proceedings in this Court and should not be punished for making such a choice. This is particularly the case where attorneys' fees are awarded by statute and the case is not tried on a contingency basis. In such cases, there is every reason to economize and minimize legal fees, and, once the plaintiff prevails, the plaintiff may be compensated fully for its fees.

In sum, the Court finds that the rates charged by Dickstein Shapiro and Kilpatrick Stockton were entirely reasonable, customary and comparable to fees paid to other competent firms for this type of representation. Although Dickstein Shapiro's hourly rates are higher than those of comparably experienced North Carolina attorneys, the Court finds that these rates are reasonable when viewed in context with Washington, DC and New York, NY rates. If ABT was willing to pay these rates to their attorneys, then that is strong evidence of their reasonableness in those markets.

(4) *The Results Obtained*. The "degree of success obtained" is the "most critical factor" in determining the reasonableness of a fee award. ABC, Inc. v. Primetime 24, Joint Venture, 67 F.Supp.2d 558, 566 (M.D.N.C. 1999) (citing Hensley v. Eckerhart, 461 U.S. 424, 435-36 (1983)); Teague v. Bakker, 213 F.Supp.2d 571, 583 (W.D.N.C. 2002) ("[i]n the Fourth Circuit, 'the most

critical factor in calculating a reasonable fee award is the degree of success obtained...."). In this case, the results obtained by ABT speak volumes for the adequacy of the representation and the merits of their claim. Plaintiffs prevailed on their breach of contract claim, the Chapter 75 claim, damages for common law bad faith claim, and obtained punitive damages and a declaratory judgment regarding claims going forward. The jury awarded ABT over $15 million in damages. This extraordinarily high degree of success weighs strongly in favor of finding that a fee award of nearly $2 million is entirely reasonable.

## IV. CONCLUSION

After reviewing the contentions of the parties, the relevant case law, the invoices submitted by ABT's attorneys, and relying on the Court's knowledge of this case and observation of the two week jury trial, the Court finds that the fees requested are reasonable and will be awarded in their entirety.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for attorneys fees is **GRANTED**, and National Union is hereby ordered to pay attorneys' fees to ABT in the amount of $1,997,161.00.

**Signed: May 31, 2005**

Richard L. Voorhees
United States District Judge